## STATE v. WALTER JEROME BRADLEY.

228 N. W. 2d 863.

April 25, 1975—No. 44865.

*C. Paul Jones*, State Public Defender, for appellant.

12

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *David W. Larson, Vernon E. Bergstrom,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

TODD, JUSTICE.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn. St. 609.245, and was sentenced by the trial court to a maximum indeterminate term of not more than 20 years' imprisonment. He contends upon this appeal from judgment of conviction that (1) there was, as a matter of law, insufficient evidence to show that he intentionally participated in the crime, and that (2) he did not receive a fair trial (a) because of the admission of evidence that during police interrogation defendant, after answering several questions, refused to discuss the matter further, and (b) because of the prosecutor's unfair closing argument. We affirm.

At defendant's trial, the state introduced strong evidence to show that defendant and two others, one of whom had a gun, robbed the caretaker of a south Minneapolis apartment building, then fled the building on foot and ran to a nearby building where pursuing police and apartment tenants caught them. Defendant's testimony was that he met the other two that afternoon, that they tagged along when he went to the apartment building to look for an apartment, that he had no idea that they would commit an armed robbery, and that he did not participate in it. However, the jury was not required to believe defendant's testimony because, as we have indicated, the state introduced strong evidence of defendant's active participation in the crime.

The only troubling aspect of this case relates to the admission against defendant of evidence that during police interrogation he first answered several questions but then refused to discuss the matter further when asked questions about his having been at the apartment or having fled the scene. It seems clear. that this evidence is just as inadmissible as evidence that a de-

fendant stated his desire to see an attorney when asked if he had committed the crime. State v. Watts, 296 Minn. 354, 208 N. W. 2d 748 (1973); State v. Roberts, 296 Minn. 347, 208 N. W. 2d 744 (1973).

However, it appears quite likely that both the prosecutor and defense counsel mistakenly assumed that this evidence was admissible because defense counsel phrased his motion to suppress in terms of suppressing evidence that defendant had requested counsel, a motion with which the prosecutor readily agreed, and not in terms of suppressing the evidence of defendant's refusal to speak further. Additionally, defense counsel elicited this evidence again when examining defendant, a fact that supports the theory that defense counsel opposed only reference to defendant's statement that he wanted to see a lawyer, not reference to his refusal to speak when asked certain questions. However, the basic consideration is to what degree it is likely that this evidence influenced the jury in its decision. Because the evidence against defendant was strong and his story was so incredible, we believe it is extremely doubtful that the jury would have acquitted defendant if it had not heard this evidence.

Recently in State v. Caron, 300 Minn. 123, 218 N. W. 2d 197 (1974), we dealt with the effect of prosecutorial misconduct in closing argument and indicated the tests to be applied in determining whether it required reversal: (1) Did defendant object at the trial to the misconduct? (2) Did he request a curative instruction? (3) Was the evidence of guilt strong? In the instant case, defendant made no objection at trial to admission of the evidence he refused to answer questions during police interrogation, he requested no curative instructions, and the evidence of his guilt was overwhelming. In view of all these considerations, we hold that the admission of this evidence does not require us to grant defendant a new trial. Nevertheless, we caution prosecutors to be extremely careful to avoid using any such evidence.

There is no merit to defendant's final contention that certain statements by the prosecutor in closing argument deprived him

14

of a fair trial. Defendant did not object to any of the prosecutor's closing argument, and, in any event, we are not at all convinced that the allegations of impropriety have any merit.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.